## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SARA URICH,

        Petitioner,

      v.

OFFICE OF PERSONNEL
  MANAGEMENT,

        Agency,

    and

DEPARTMENT OF HEALTH AND
  HUMAN SERVICES,
        Agency.

DOCKET NUMBER
CB-1205-25-0051-U-1

DATE: July 9, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Ricardo J.A. Pitts-Wiley</u>, Esquire, Washington, D.C., for the petitioner.

<u>Michele Bloom</u>, Esquire, <u>D. Black</u>, Esquire, <u>Eyana Esters</u>, Esquire, and
  <u>Allison Kidd-Miller</u>, Esquire, Washington, D.C.,
  for the Office of Personnel Management.

<u>Jennifer Smith</u>, Esquire, and <u>Susan M. Andorfer</u>, Esquire,
  Washington, D.C., for the Department of Health and Human Services.

## BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## FINAL ORDER

The petitioner requests that we review Office of Personnel Management (OPM) regulations at 5 C.F.R. part 351, relating to reductions in force, pursuant to our authority under 5 U.S.C. § 1204(f). Request File (RF), Tab 1. For the reasons discussed below, we deny the petitioner's request.

## BACKGROUND

On May 25, 2025, the petitioner filed a "Request for Regulation Review," requesting that the Board "review whether the U.S. Department of Health and Human Services['] issuances of a notice of Reduction in Force to the interested persons on April 1, 2025, invalidly implemented the regulations of the U.S. Office of Personnel Management governing reductions in force, 5 C.F.R. [p]art 351, resulting in prohibited personnel practices." RF, Tab 1 at 2.

On July 14, 2025, the Department of Health and Human Services (HHS) and OPM requested that this request for regulation review be consolidated with other such requests. RF, Tab 2 at 4-5. The Office of the Clerk of the Board attempted to contact petitioner's counsel "to confirm whether the May 25, 2025 filing was complete and whether he filed this request on behalf of the identified interested person or a group of individuals" but did not receive a response. RF, Tab 3 at 1 n.1. Accordingly, the submission was docketed as an individual request for regulation review. *Id.*

OPM and HHS both filed responses to the petitioner's request. RF, Tabs 4-5. Both agencies argued that petitioner failed to identify a prohibited personnel practice, did not explain why the implementation of the regulations at issue required employees to commit a prohibited personnel practice, and failed to identify what action she wished the Board to take. RF, Tab 4 at 6-7, Tab 5 at 7-9. Moreover, both agencies contended that the petitioner's allegations did not meet the Board's prudential criteria for review. RF, Tab 4 at 8-9, Tab 5 at 9-10.

On May 4, 2026, the Board issued an Order directing the petitioner to submit a brief pleading to clarify whether she joined the arguments in a consolidated case involving other requests for regulation review, or whether she maintained separate arguments. RF, Tab 7. The petitioner did not respond. Accordingly, this matter is ripe for our review.

## ANALYSIS

The Board has original jurisdiction to review rules and regulations promulgated by OPM. 5 U.S.C. § 1204(f). The Board is authorized to declare an OPM rule or regulation invalid on its face if the Board determines that the provision would, if implemented by an agency, on its face, require any employee to commit a prohibited personnel practice in violation of 5 U.S.C. § 2302(b). *See* 5 U.S.C. § 1204(f)(2)(A). Similarly, the Board has authority to determine that an OPM regulation has been invalidly implemented by an agency, if the Board determines that the provision, as implemented, has required any employee to violate section 2302(b). 5 U.S.C. § 1204(f)(2)(B).

The Board's regulations direct the individual requesting review to provide the following information: a citation identifying the challenged regulation; a statement (along with any relevant documents) describing in detail the reasons why the regulation would require, or its implementation requires, an employee to commit a prohibited personnel practice; specific identification of the prohibited personnel practice at issue; and a description of the action the requester desires the Board to take. 5 C.F.R. § 1203.11(b)(1)(ii)-(v); *see Roesel v. Office of Personnel Management,* 119 M.S.P.R. 15, ¶ 7 (2012); *Di Jorio v. Office of Personnel Management*, 54 M.S.P.R. 498, 500 (1992). This information is required to state a case within the Board's jurisdiction. 5 C.F.R. § 1203.11(b)(1).

Here, the petitioner requests that the Board review whether HHS invalidly implemented the regulations governing reductions in force at 5 C.F.R. part 351. RF, Tab 1 at 2. The petitioner, however, has failed to provide reasons explaining

in detail why HHS's application of these regulations requires an employee to commit a prohibited personnel practice. 5 C.F.R. § 1203.11(b)(1)(iii). Furthermore, the petitioner has not specifically identified the alleged prohibited personnel practice(s) at issue. 5 C.F.R. § 1203.11(b)(1)(iv). Finally, the petitioner has not identified the action she would like the Board to take. 5 C.F.R. § 1203.11(b)(1)(v). In the absence of such allegations, the petitioner has not met her burden under 5 C.F.R. § 1203.11(b). *See Garcia v. Office of Personnel Management*, 109 M.S.P.R. 266, ¶ 6 (2008) (Where a petitioner fails to explain how a regulation requires the commission of a prohibited personnel practice or fails to identify the prohibited personnel practice at issue, the Board has denied the regulation review request.). We note that the petitioner may challenge HHS's allegedly incorrect application of the regulations at issue via an appeal of her termination, and in fact has such an appeal pending before the Board in a consolidated proceeding. *SAMHSA HHS RIF Consolidation v. Department of Health and Human Services*, MSPB Docket No. CF-0351-26-0005-I-1; *see also Urich v. Department of Health and Human Services*, MSPB Docket No. DC-0351-25-3309-I-1.

**ORDER**

Accordingly, the petitioner's request for regulation review is DENIED. This is the final decision of the Merit Systems Protection Board in this proceeding.   Title 5 of the Code of Federal Regulations, section 1203.12(a) (5 C.F.R. § 1203.12(a)).

FOR THE BOARD:                            _____

                                          Gina K. Grippando
                                          Clerk of the Board

Washington, D.C.